Thank you, Your Honor. May it please the Court. My name is Sarah Perez. I am here on behalf of Petitioner Elisa Menendez. And today, I believe that the issue before this Court really comes down to whether or not the petitioner is eligible for the relief that she requested as a lawful permanent resident, which was 42A, cancellation of removal. The immigration judge and the BIA both found that she was ineligible for that relief for not having reached the seven years of required physical presence in the country for having been convicted under California Penal Code Section 288C1, finding that it was for a crime involving moral turpitude, and finding that that, in conjunction with also being a crime of domestic, I'm sorry, a child abuse under the 237 deportability grounds that the stop time rule came into play. She became a lawful permanent resident, and within five years, the commission of this crime and the conviction occurred. It is petitioner's contention that the 288C1 is an overbroad statute and that it's not categorically a crime involving moral turpitude. At this time, there are no published decisions specifically relating to this issue. The decisions that do exist are in the context of this involving an aggravated felony for purposes of being a crime of violence, for example. It has not been found to constitute sexual abuse against a minor as not being per se abusive. But with regards to moral turpitude, it is petitioner's contention that it's an overbroad statute. So in what respects is it overbroad under the categorical approach? Well, under the categorical approach, Your Honor, the definition, first of all, for a moral turpitude crime is something that has been in flux. The definitions that I have found that this court has presented show that one, it is a vile base or depraved crime. Two, that it violates societal moral standards. And three, that it willfully or with some evil intent was procured. Under 288C1, there are five elements that this court has in the past laid out for us. One, that it's somebody who willfully and lewdly. One. Two, commits any lewd or lascivious act upon the body or any part or member thereof of a victim child of 14 or 15 years old with the intent of arousing, appealing to, or gratifying the lusts of the perpetrator or of the victim child. To the extent that in the CIMT context, this doesn't overlap, there are a couple of ways that it doesn't overlap. There is a willful element in the crime and it's laid out in the crime. But the willfulness has to do with the touching or the minimum conduct that's required to satisfy the crime. The minimum conduct that's required to the crime. With regards to minimum conduct in this, the minimum conduct really could be just the touching of a piece of clothing. It doesn't necessarily even have to get, the act itself doesn't even have to be lewd. And we look at the jury instructions, for example. Does the child have to know that there's some sexual intent on the part of the perpetrator? They don't have to know that there's any sexual intent. And looking at the case law, such as Mathis, which allows us to look at the jury instructions and lets us look at what somebody has to unanimously find. I think it's important to point out, first of all, that with regards to the age of the child, a jury doesn't unanimously have to find that they were 14 years old or 15 years old. Those two things get conflated, first of all. And I think age is an important thing because this court, in other circumstances, has looked at age as a factor to determine whether or not. I'm sorry to interrupt you, but it's my understanding under the statute is that a defendant can be convicted of this even if they think someone is 21 when it turns out they're 14 or 15. Is that correct? That's correct. And although mistake of age isn't a defense, there's an element of strict liability in that sense where you can't say, I thought that this other person was, in order to create a defense to it. But yes, you can. So, because I think to me this, from your perspective, I think that's one of your best things going for you, is that if there's a Halloween party somewhere and someone who's 24 approaches someone that they think is 19, the person says they're 19 and they have an ID that says that they're 19 and touches them on the shoulder in a certain, we'll call it a suggestive way at a Halloween party. But it turns out that they're 14 or 15, so there would be the 10-year age difference. Under the statute, as I understand it, if the defendant says, wait a second, I thought she was 19, I had every reason to think she was 19, under California law, that's not a defense. Correct. And it's not a defense. And it's not a defense also in the context, for example, of statutory rape. On the 261.5D statute that is addressed by this court, the age difference, I think, has a lot to do. In that statute, there's a 21-year-old with a person under 16, so we're talking about a 15-year-old, minimum conduct would be a 15-year-old on the eve of their 16th birthday with a 21-plus adult individual. To not fall into the purview of 288, that 21-plus individual just simply cannot reach 10 years. So they can be 9 years, just one day short of that 10-year age gap and be falling into that statute. And that statute actually involves or requires sexual intercourse. This statute doesn't. In that statute, in statutory rape, we actually have to show that there was sexual intercourse that occurred. Here, there just has to be simply a touching. And going back to the jury instructions, I think it's important to note that the jurors are instructed, and I filed this in the 28J letter, that the touching need not be done in a lewd or sexual manner, first of all. Someone actually arousing, appealing to, or gratifying the lust, passions, or sexual desires of the perpetrator or the child is not actually required. So the completion of the crime, there's an intent element, but the completion of the crime doesn't need to actually, the completion of that intent doesn't actually need to have been committed. And essentially, I think that those are important factors. And I think it's also important that the fact that the victim is 14 and 15 is conflated is also an important factor. I think there's a lot to compare between that and what this court found not to be a crime involving moral tribute in the context of statutory rape, as well, given that we're looking at necessarily maybe a 3- or 4-year age gap. Between the victims and these crimes, we're still talking about 15-year-olds in both cases that could be a victim of that crime. Aside from that, even if the court were to find that this did constitute a crime involving moral tributude, I think the facts of my specific case are important because the petitioner in this case was sentenced, it was sentenced as a felony, but she received 5 years of formal probation and a 180-day county jail sentence on this case. So as this court does know, 288C1 is a wobbler offense, unlike 288A. And because she received the jail sentence, it would be petitioner's contention that this offense, at least with this petitioner, would be petty offense covered. Why? Why would it be petty offense covered? Well, it would be petty offense covered to the extent that in Bridgeforth, this court found that under California law, a wobbler is a misdemeanor for all purposes when the judgment results in a punishment other than imprisonment in the state prison. And in this case, the petitioner, although charged with a felony, was given a state prison sentence. And in California, the petitioner in this case was given a county jail sentence. And under the California law, the maximum sentence in county jail would have been for 365 days. So I would ask the court to look at that as well. As I am running out of time, I would like to reserve my last minute for rebuttal, if that would be okay. Thank you. May it please the Court, Colin Tucker for the Attorney General. The government's position is that it's well settled in this circuit that the offensive conviction is a crime involving moral turpitude. As support for that position, the government would point the court to its decisions in, let's see, if it was Shopes v. Carmichael, which is 177, F2D 391, or for something a bit more recent, you could look to Blandino Medina v. Holder. Let me ask you a case that I think pretty much poses the question in front of us. Someone believes that this person is overage, touches this person without the other person realizing that it's a sexual touching, and is convicted under the California statute. Is that a crime of moral turpitude? It is, Your Honor. I think there are two separate considerations you've just raised that we have to consider. The first is whether the victim understands that it's a sexual touching. And the definition of a crime involving moral turpitude effectively makes that irrelevant. It remains the person being 14 or 15 is a protected class of victim, whom California has, well, seemed to protect, seemed fit to protect. And for that reason, whether the person realizes that their sexual intent really has little to no impact. The second consideration would be the mistake of age. California has not seen fit to create a mistake of age defense. And for that reason, whether... But crime of moral turpitude looks at sort of the depravity of the defendant. And if the defendant, in good faith, believed that the, quote, victim is of age, why is that a depraved defendant? Well, crime of moral turpitude looks to base depravity or violation of accepted moral standards. The government's position is that because there's no mistake of age defense here, that speaks to... I understand there's no mistake of age in the statute, but I'm asking not about the statute. Of course, I'm asking about our definition of moral turpitude. And I don't think that qualifies under the, I confess, the oddly difficult and ambiguous definition of crime of moral turpitude. But even with that rather oddly and vaguely defined crime of moral turpitude under federal law, I just don't think it qualifies. I understand your argument. The defendant thinks she's 19. There's nothing to show that he was sort of in reckless disregard. Where's the depravity in the defendant? I believe that the depravity here would be, Your Honor, the defendant's inability to recognize that person is... Here we have a question of 14 or 15 and a 10-year age difference. So the government's position is that it is a violation of accepted moral standards for someone who is 25 not to be able to identify that they are dealing with a 14 or 15-year-old. Okay. Again, government relies primarily on Shopes and Blandino-Medina. I want to qualify by pointing out that that concerned a violation of Section 288A as opposed to Section 288C1. However, the distinctions between those two are effectively meaningless in this context. It is true that we have a slightly older class of victim with 288C1, but on the other hand, we also have the requirement for a 10-year age difference. As with respect to the other issues, the facts of this case, as the Court is well aware, are outside the categorical context and, therefore, not to be considered. The fact that this is, strictly speaking, a wobbler statute does not matter here because it was charged as a felony, and all that matters is that there's the possibility of a sentence of one year or more. I just want to get back to the question that Judge Fletcher had. So take my Halloween party hypothetical. A criminal defendant is charged with hugging someone at a Halloween party, thinking that they were 19 years old. The defendant is 24 years old, thinking the victim is 19 years old. It turns out the victim is 14 years old, but the criminal defendant had every reason to think the person was 19 years old. The person said they were 19. They had a college ID with them, saying they were a sophomore in college. You can think of many reasons why someone could make themselves look like they're 19 when they're 14. Are you saying, in that instance, that that would be a crime of moral turpitude, to hug someone at a Halloween party, thinking they were 19 when, in fact, they were 14? I don't believe that it would be. Isn't this case over then? Your Honor, are we assuming in your hypothetical that there is an intent to gratify the lusts or sexual passions of one of the parties through this hug? Yes. The person, the defendant's thinking he's interested in hugging this person he thinks is 19. To gratify the? Yeah. Turns out she's not 19. In that instance, then, and not only is she not 19, she is 14 or 15. Right. Yes. In that instance. She's a day younger than 16, let's say. In that instance, yes, Your Honor, it would be a crime involving moral turpitude. Do you have any cases that show when knowledge of age is not a defense? Do you have any cases in which moral turpitude has been found? When knowledge of age is not a defense? Correct. I don't believe that knowledge of age was a defense for 288A, Your Honor. So in that instance, I could point to Blandina Medina, which considers victims younger than 13. I could also cite the court to, this is not strictly speaking a Ninth Circuit case, but it speaks to Ninth Circuit law, which is In re Lasansky, where an attorney for the purposes of admissibility was found to have committed a crime of moral turpitude for violating 288C1. Okay. Thank you. If there are no further questions, I'm prepared to conclude. Thank you, counsel. Thank you. Thank you. Your Honors, the respondent refers to Blandina, which does talk about 288A, but I don't know that case to make a decision regarding moral turpitude with regards to that specific statute. I know that Blandino does talk about an aggravated felony in 288A in that context. But again, I think what we really need to look at is 288C being a pseudo strict liability crime, and the minimum conduct I would find takes it out of the purview of the moral turpitude context in this case. Again, there are no published decisions on this matter at this point. But I think the age differentials do have something to say with regard to even the other case that I talked about, Quintero Salazar, which talks about statutory rape. And we're looking really at a four-year difference between the Quintero case and somebody who is in this situation. And a mistake of age is not a defense, even in Quintero, where this court found that it was not for moral turpitude. And so for those reasons, I would just ask the court to consider the arguments that were made. If there are no further questions.  Thank you, counsel. This case is adjourned.
judges: Reinhardt, W. Fletcher, Owens